**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2011
Decided May 6, 2011

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3365

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 10-CR-89-BBC-01 |
| | |
| JAMAAL DESHAWN LEE, | Barbara B. Crabb |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Agents with the Drug Enforcement Administration arrested Jamaal Lee after he sold cocaine to an informant in Madison, Wisconsin. Lee was charged with distributing cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(E)(ii). He pleaded guilty and was sentenced to 30 months' imprisonment, the top of his guidelines range. Lee filed a notice of appeal, but his appointed lawyer moves to withdraw on the ground that the case is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Lee has not responded to counsel's submission. *See* CIR. R. 51(b). We confine our review to the points discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

We are given no indication that Lee wants his guilty plea vacated, so counsel appropriately omits discussing possible challenges to the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel details his thorough search through the record for possible challenges to Lee's sentence, but he did not find even an arguable appellate claim in this straightforward prosecution. Counsel devotes the most attention to whether Lee could argue that the district court failed to adequately consider the sentencing factors in 18 U.S.C. § 3553(a). Counsel has concluded that this potential argument would be frivolous, and we agree. At sentencing, Lee argued that he did not deserve to be imprisoned because his criminal behavior was a result of drug addiction and negative family influences. He said he should be sentenced to probation so he could go to drug treatment right away. But the district court did not ignore these arguments; the court considered them and decided they were outweighed by the need to deter Lee from continuing to break the law and adding to his already extensive criminal history. The court addressed all of Lee's arguments in mitigation and offered an adequate explanation for the sentence it chose, and compliance with § 3553(a) requires nothing more. S*ee United States v. Kilgore*, 591 F.3d 890, 893 (7th Cir. 2010).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.